**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN R. ROSHON, JR., | : | |
| | : | Case No. 2:16-cv-0968 |
| Plaintiff, | : | |
| | : | Chief Judge Edmund A. Sargus, Jr. |
| v. | : | |
| | : | Magistrate Judge Kemp |
| EAGLE RESEARCH GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

---

**AGREED PROTECTIVE ORDER**

---

This matter before the Court involves the protection of confidential and sensitive business information of Eagle Research Group, Inc. and controlled unclassified information, as described in Executive Order 13556 and 32 C.F.R. 2002, of its client, the U.S. Dept. of Energy (collectively "Confidential Information") that will be produced through discovery requests and responses that any party has served or will serve upon the other in this action.  Nothing in this Agreed Protective Order shall imply that information that is classified under Executive Order 13526, 75 FR 707 (December 29, 2009), or any predecessor or successor order, the Atomic Energy Act of 1954 (42 U.S.C. 2011, et seq) or any other federal order protecting classified information of the U.S. Government will be produced absent written approval of the appropriate federal authorities. For good cause shown and upon agreement of the parties, the Court hereby Orders:

1.     The Confidential Information shall be disclosed only to the following:

a.  Attorneys performing the duties of litigation counsel to the parties and regular employees and service vendors of such counsel (including, but not limited to, outside copying services and litigation support);

b.  Experts and consultants providing assistance in the above-captioned action, as well as their administrative and support staff, subject to paragraph 2 below;

c.  The Court, all subsequent appellate courts, and their personnel (including, but not limited to, court reporters, stenographers, and other court personnel);

d.  Witnesses or deponents and their counsel, during the course of, or to the extent necessary to prepare for depositions or testimony, subject to paragraph 2 below;

e.  Any other person to whom disclosure is required by federal and state law.

2.  The Confidential Information may be provided to experts, consultants, or witnesses only to the extent necessary for such expert, consultant or witness to prepare a written opinion, to prepare to testify, or to assist litigation counsel in this matter provided that such expert or consultant is using the Confidential Information solely for this matter and further provided that such expert, consultant or witness signs a form substantially similar to that attached hereto as Exhibit A, (i) agreeing to be bound by the terms and conditions of this Agreed Protective Order, (ii) consenting to the jurisdiction of the Court for purposes of enforcement of this Agreed Protective Order, and (iii) agreeing not to disclose or use any Confidential Information for purposes other than those permitted herein.

3.  "Confidential Information" shall not include information that (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Agreement; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the

owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the written approval of the designating party.

4.    The responding party shall mark as "Confidential" any material containing Confidential Information prior to producing it to the requesting party. Any party may also designate as Confidential Information any material it has already produced by notifying in writing the person(s) to whom such material was produced that such material constitutes Confidential Information. Information contained or revealed in a deposition may be designated at the time of the deposition or within 30 days from receipt of the deposition transcript as Confidential Information.  Any party may also designate any Confidential Information further as "Attorneys' Eyes Only."  Material designated as "Attorneys' Eyes Only" is subject to this Order in the same manner as material designated as "Confidential Information" except that information designated as "Attorneys' Eyes Only" may not be disclosed under paragraph 1(d) of this Order or to the opposing party without written permission of the designating party or order of this Court.

5.    Any party who wishes to challenge the designation of material as Confidential Information or Attorneys' Eyes Only shall first confer in good faith with the other party. If this effort fails to resolve the disagreement, the objecting party may file an appropriate motion with the Court. A party who does not challenge a designation of material as Confidential Information or Attorneys' Eyes Only at the time it is designated is not thereby precluded from making a later challenge, however, disclosure of such

information prior to the challenge will not violate this Agreement unless it is reasonably clear that such information was in the nature of information that should have been included as Confidential Information.

6.  All Confidential Information shall be maintained as confidential.  The parties, their witnesses, experts, or consultants shall not use Confidential Information for any purpose other than the prosecution or defense of this case or any appeal.  The parties may share their own confidential materials without limitation.

7.  In the event that a person or party receives material designated as Confidential Information that was already legitimately in such person's possession, the restrictions herein only apply to the copy of the material actually designated as Confidential Information and produced under this Agreed Protective Order.

8.  Any documents that include Confidential Information shall be filed with the Court under seal and this Order constitutes the order authorizing such filings for purpose of S.D. Ohio L. R. 5.2.1. The parties are hereby given leave to make any such filings manually.  Such documents shall be identified as "Confidential" and may be shared as directed by paragraph 1 of this Order or by any further order of the Court.  If one party has reason to believe that a person has disclosed Confidential Information in violation of this Agreed Protective Order the party shall provide a signed statement setting forth the basis for such belief.  The parties will then make a good faith effort to resolve the dispute. If the parties cannot resolve the dispute, it shall be resolved by the Court pursuant to the Federal Rules of Civil Procedure.

9.      Throughout and after the conclusion of this litigation (including any appeals), the restrictions set forth herein shall continue to be binding upon the parties and all other individuals subject to the terms of this Agreed Protective Order.

10.     The parties' counsel agree to return or destroy all records and copies of the Confidential Information within 30 days of the end of the litigation including any appeals.  The end of this litigation shall occur when all parties' claims and defenses (including without limitations, all rights of appeal, reconsideration, or other post-judgment relief) have been conclusively resolved.

11.     Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the rights of access to or the use of the Confidential Information or any other modification of this Protective Order.

12.     In the discretion of the Court, a breach of any material provision of this Agreed Protective Order shall be subject to sanctions.

13.     Confidential Information shall not lose its status as Confidential Information through use in any court proceeding referred to herein.

IT IS SO ORDERED.

/s/ Terence P. Kemp
United States Magistrate Judge

AGREED:

/s/ Matthew Coffman
Matthew Coffman, Esq.
Counsel for Plaintiff

/s/ Maribeth Meluch
Maribeth Meluch
Counsel for Defendants

## EXHIBIT A

## ACKNOWLEDGEMENT

I, _____ have read the Agreed Protective Order entered in the above-captioned matter, *Roshon v. Eagle Research Group, Inc.,*  S.D. Ohio Case No. 2:16-cv-968, and I understand the contents thereof.  I hereby agree to comply with all terms, conditions, and restrictions contained in said Agreed Protective Order regarding the use and disclosure of any materials labeled "Confidential Information" and/or "Attorneys' Eyes Only" that I have reviewed, or will review, in connection with this matter, and I agree to be subject to the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division, for enforcement of the Agreed Protective Order.

Dated: _____

Signed: _____

3734440.1 : 10532 00001