**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STEPHEN R. ROSHON, JR.,**

**Plaintiff,**

**v.**

**EAGLE RESEARCH GROUP, INC.,**

**Defendant.**

**Case No. 2:16-cv-968**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

This matter is before the Court on Defendant Eagle Research Group, Inc.'s Motion for Judgment on the Pleadings on Plaintiff's First Amended Complaint (ECF No. 18). (*Def. Mot.*, ECF No. 23.) Plaintiff filed a Response in Opposition to Defendant's Motion for Judgment on the Pleadings (*Pl's. Mem. Opp.*, ECF No. 24). Defendant filed its Reply in Support of Defendant's Motion for Judgment on the Pleadings. (*Def. Reply*, ECF No. 25.) For the reasons that follow, Defendants' Motion for Judgment on the Pleadings (*Def. Mot.*, ECF No. 23) is **DENIED.**

## I. BACKGROUND

Plaintiff's Amended Complaint ("Complaint") alleges four causes of action: (1) unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; (2) unpaid overtime in violation of the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§4111; (3) a violation of the Ohio Prompt Payment Act, O.R.C. §4113; and (4) a violation of the recordkeeping provisions of the Ohio Wage Act, §4111.08. (*Complaint*, ECF No.

18.) Plaintiff asserts that "[i]n or around August 2013, Defendant hired Roshon as a full-time, non-exempt Information Security Specialist. At all times relevant during Plaintiff's employment, Roshon worked over forty (40) hours per workweek." (*Complaint*, ECF No. 18, ¶ 14.) Roshon "was a contractor who traveled to DOE [Department of Energy] National Laboratories around the country to assist federal employees of the OSA (Office of Security Assessments) assess security and other classified matters. Roshon was responsible for collecting data, reading procedures and observing facilities." (*Complaint*, ECF No. 18, ¶ 16.) Moreover, the Complaint asserts that "Roshon was not responsible for writing any of the assessment reports. The Team Lead is responsible for approving the final report. The Team Lead, a federal employee of the OSA is the only member of the team that has discretion and judgment with respect to findings of the team[;] the Contractors, including Roshon, do not exercise independent discretion or judgment – they simply complete paperwork based on the data they gather, interviews they conduct and their observations." (*Complaint*, ECF No. 18, ¶ 18.) Roshon asserts that his "primary duty was to provide support to the federal government in conducting assessments by fact gathering using well-established techniques, procedures and specific standards set out by the Defendant and the OSA. Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers." (*Complaint*, ECF No. 18, ¶¶ 26, 27.) Rather, "Plaintiff's office time was limited to approximately one (1) to two (2) hours out of each ten (10) to twelve (12) hour day when he was conducting assessments." (*Complaint*, ECF No. 18, ¶ 28.) "Plaintiff's primary duty of conducting assessments involved the use of any methods necessary to trip up a sensor or penetrate a security procedure, including crawling, crouching, walking, running, climbing, and lifting his own body weight. He physically walked

and crawled around buildings and on rooftops looking for vulnerabilities in security. The majority of Plaintiff's time was spent doing these activities." (*Complaint*, ECF No. 18, ¶ 31.) Additionally, "As part of his employment with Defendant, Plaintiff was required to pass a physical exam every year. Every year, Plaintiff was required to participate in a ten (10) day physical training session involving physical exertion, weapons, and protective gear." (*Complaint*, ECF No. 18, ¶¶ 32, 33.)

Plaintiff further asserts that his primary duties were non-exempt duties. In August 2016, Defendant contacted him and offered to pay him $32,000.00 in unpaid overtime that had been improperly withheld for the time period covering July 2014 to May 2016. When he asked additional questions concerning the payment, Defendant's President, Dean Hickman, called him and rescinded the offer. (*Complaint*, ECF No. 18, ¶¶ 39, 42, 43.) Upon information and belief, Roshon asserts that unpaid overtime wages were paid to "comparable employees in similar positions as Roshon." (*Complaint*, ECF No. 18, ¶ 45.) Plaintiff seeks to recover the alleged unpaid overtime compensation, and also seeks liquidated damages.

Defendant alleges that "[b]y Mr. Roshon's own admissions, his 'primary duty was to provide support to the federal government in conducting assessments by fact gathering using well-established techniques, procedures and specific standards set out by Eagle Research and the OSA.'" (*Def. Mot.*, ECF No. 23, at p. 3.) "At all times during his employment with Eagle Research, Mr. Roshon was paid a salary of at least $130,000 per year on an annualized basis including $455.00 per week. [] In addition he received a bonus for all hours he worked. In 2014, his full compensation exceeded $160,000.00. In 2015, it exceeded $180,000.00." [] (*Id.*)

Defendant cites to the FLSA, which provides an exemption to the overtime provisions of the FLSA for "any employee employed in a bona fide executive, administrative, or professional

capacity. . ." 29 U.S.C. 213(a)(1). Specifically, the FLSA provides that "[a]n employee with total annual compensation of at least $100,000 is deemed exempt . . . if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee . . ." 29 C.F.R. §541.601(a). Additionally, an exempt employee must meet the following requirements: (i) the employee's total annual compensation must include payment of at least $455.00 per week on a salary basis; and (ii) the employee's primary duty is the performance of office or non-manual work. 29 C.F.R. §541.601(b)(1) and (c). Defendant asserts that "Mr. Roshon regularly performed non-manual work of an administrative capacity." (*Def. Mot.*, ECF No. 23, at p. 5.) Specifically, Defendant asserts that the duties of the administrative exemption are two-fold:

> First, the work must be directly related to the management or general business operations of the employer or the employer's customers. Second, the primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a). However, for purposes of the highly compensated exemption, the employee need only perform one of these duties. *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 Fed. App'x. 349, 359 (5th Cir. 2015) . . . .

(*Def. Mot.*, ECF No. 23, at p. 6.)

Thus, Defendant asserts that Plaintiff is exempt from the overtime provisions under the administrative exemption. Defendant asserts that this is because Plaintiff's primary duty was "to provide support to the federal government in conducting assessments," which were "related to the management or general business operations of his employer's customer, the Department of Energy," that "was non-manual labor comprising the observation and reporting on security of DOE facilities" and was "not repetitive or skilled production work." (*Def. Mot.*, ECF No. 23, at pp. 5-6.) In summary, Defendant asserts that, "[e]ven after all allegations of the pleadings have

been reviewed in his favor, Mr. Roshon was not entitled to overtime compensation." (*Id.* at p. 14.)

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical to the standard courts apply for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). To state a claim upon which relief may be granted, Plaintiffs must satisfy the pleading requirements set forth in Fed. R. Civ. P. 8(a). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying the plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677-79 (quoting *Twombly,* 550 U.S. at 55) (internal quotations omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

In *Twombley*, the Supreme Court concluded that, to meet the Rule 8 standard, a complaint must "nudge [] [a plaintiff's] claims across the line from conceivable to plausible." 550 U.S. at 570. The Court held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [entitlement] to relief [pursuant to Rule 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations and quotations omitted). "[N]aked assertion[s] . . . without some further factual enhancement [] stop[] short of the line between possibility and plausibility of entitle[ment] to relief." *Id.* at 557 (internal quotations omitted).

In *Iqbal*, the Court explained that one of the "principles" underlying *Twombley* is that the ordinary rule that courts must accept as true allegations made in pleadings for purposes of deciding a Rule 12(b)(6) motion does not apply to legal conclusions. *Id.* at 678. In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679-79.

## III. ANALYSIS

A motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment. *Source Assocs. v. Valero Energy Corp.*, 273 Fed. App'x. 425, 427 (6th Cir. 2008). Upon review of facts alleged in the Complaint, which must be taken as true, Defendant is not "clearly entitled to judgment."

### *A. Claims One through Three*

Plaintiff's first three claims are: (1) unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.; (2) unpaid overtime in violation of the Ohio Wage Act, O.R.C. §§4111; (3) a violation of the Ohio Prompt Payment Act, O.R.C. §4113. Defendant raises several factual and legal arguments in support of the application of the exemption to the overtime provisions of the FLSA, and thus also to the Ohio Wage Act;[1] however, the applicability of the legal arguments depends on the resolution of issues of fact concerning Plaintiff's primary duty.

> In a dispute over whether an employee is exempt from the FLSA's overtime requirement, the employer bears the burden of establishing that the employee qualifies for the exemption. *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997.). Moreover, the exemption is to be narrowly construed against the employer. *Id.* The burden is on the employer to establish each element of the exemption by a preponderance of the evidence. *Renfro v. Ind. Mich. Power Co.*, 497 F.3d 573, 576 (6th Cir. 2007).

*Foster v. Nationwide Mut. Ins. Co.*, 695 F.Supp.2d 748, 754 (S.D. Ohio 2010).

The evaluation of an employee's primary duty is a fact-intensive inquiry that is to be based on the "character of the employee's job as a whole." *Id.*, citing 29 C.F.R. §541.700(a). Plaintiff has alleged that his "primary duty was to provide support to the federal government in conducting assessments by fact gathering using well-established techniques, procedures and specific standards set out by the Defendant and the OSA. (*Complaint*, ECF No. 18, ¶ 26.) He alleges that his "primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers." (*Id.* at ¶ 27.) He further alleges that his "office time was limited to approximately

[1] The analysis concerning the FLSA claims also applies to the Ohio state law claims. "Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA." *Mitchell v. Abercrombie & Fitch, Co.*, 428 F.Supp.2d 725, 732 (S.D. Ohio 2006)(citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n.2 (6th Cir. 1997)).

one (1) to two (2) hours out of each ten (10) to twelve (12) hour day when he was conducting assessments." (*Id.* at ¶ 28.) Plaintiff further alleges that his "primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance." (*Id.* at ¶ 35.)

All that is required at this stage is that Plaintiff plead sufficient "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiff has done so, and accordingly, Defendant's motion for judgment on Plaintiff's first three claims must be denied.

***B. Claim Four***

Plaintiff's fourth claim alleges a violation of the Ohio Wage Act's provision which requires employers to maintain and preserve payroll records, including "the amount paid each pay period to each employee, the hours worked each day and each work week by the employee." Plaintiff specifically alleges that "Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek." (*Complaint*, ECF No. 18, ¶¶ 89, 92.)

Article II, § 34a of the Ohio Constitution establishes a minimum wage and requires employers to "maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. art. II, § 34a. Under this section, employers are required to provide these records to employees or their representatives upon request. *See id.* Pursuant to authority granted in that provision, the Ohio General

Assembly may pass laws to implement the provisions of § 34a's requirement that employers maintain wage and pay records. *See* O.R.C. § 4111.14(F). The statute provides that:

> An employer is not required to keep records of "hours worked for each day worked" for individuals for whom the employer is not required to keep those records under the Fair Labor Standards Act and its regulations or individuals who are not subject to the overtime pay requirements specified in section 4111.03 of the Revised Code.

*Id*., §4111.14(F)(4)(b).

Thus, if Defendant improperly classified Plaintiff as an exempt employee, then any failure to maintain wage and hour records would be a violation of Article II, § 34a of the Ohio Constitution and O.R.C. § 4111.14(F). However, if Plaintiff was properly classified as an exempt employee, this claim would necessarily fail. As discussed above, the issue of what constituted Plaintiff's primary duty must be resolved in order to determine whether he was an exempt employee not subject to the overtime provisions.

Accordingly, at this early stage of the litigation, Plaintiff's allegations that he performed non-exempt work, and his allegations that Defendant failed to maintain accurate records of all hours Plaintiff worked each workday and within each workweek, are sufficient to state a plausible claim. *See generally Clark v. Shop24 Global, LLC*, 77 F.Supp.3d 660, 688 (S.D. Ohio 2015) (denying Plaintiff's motion for partial summary judgment where a factual dispute remained as to whether the Defendants properly classified Plaintiff as an exempt employee not subject to the Ohio Minimum Fair Wage Standards Act's overtime pay requirement); *Hodges v. Salvanalle, Inc*., Case No. 1:12-cv-2851, 2014 WL 584756, at * 7 (N.D. Ohio, Feb. 12, 2014) (granting summary judgment on Plaintiff's claim that Defendant failed to keep and maintain wage records as required under the FLSA and Ohio Minimum Fair Wage Standards Act).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings on Plaintiff's First Amended Complaint (*Def. Mot.*, ECF No. 23) is **DENIED.**

**IT IS SO ORDERED.**

9-19-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**