**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STEPHEN R. ROSHON, JR.,**

       **Plaintiff,**

                                       **Civil Action 2:16-cv-968**
                                       **Chief Judge Edmund A. Sargus, Jr.**
   **v.**                               **Magistrate Judge Chelsey M. Vascura**

**EAGLE RESEARCH GROUP, INC.,**

       **Defendant.**

**<u>ORDER</u>**

On Friday, October 13, 2017, Plaintiff's counsel issued a subpoena *duces tecum* to Robert

Gibbs, Chief of Human Capital of the United States Department of Energy, requesting

documents in three categories, each of which relates to the Department's employment of security

assessment personnel.   The subpoena commanded Mr. Gibbs to produce responsive documents

on the following Monday at Plaintiff's counsel's office in Columbus, Ohio.   On October 18,

Defendant move to quash the subpoena or, in the alternative, for a protective order (ECF No. 40).

Defendant argues, among other things, that the requested documents are not relevant and,

therefore, not subject to disclosure.   The Department of Energy has also objected to the

subpoena (*see* ECF No. 43).

In the memorandum in support of its motion, Defendant represents that Plaintiff has

obtained records related to his own employment by Defendant in connection with the

performance of security assessments for the Department of Energy.   Defendant argues that

those records represent the universe of potentially relevant documents in this action for overtime

compensation under the Fair Labor Standards Act.    Defendant also reminds the Court that it

agreed to provide wage information related to other part-time employees who held the same job

title that Plaintiff held during the period of his employment.    Defendant represents that is has

provided those documents to Plaintiff's counsel.    On those bases, Defendant asks the Court to

issue a protective order prohibiting the production of documents requested in the subpoena *duces*

*tecum*.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as

"nonprivileged matter that is relevant" to a claim.    Rule 26(c)(1) authorizes the Court to issue a

protective order, for good cause, on a party's motion.    When a party seeks a protective order on

the basis of irrelevance and the relevance of the requested discovery is not apparent on the face

of the subpoena, the party seeking discovery may defeat a motion for protective order only by

demonstrating that the requested documents may be relevant.    *See Snyder v. Fletwood RV, Inc.*,

303 F.R.D. 502, 504, 507 (S.D. Ohio 2014).

In opposition to Defendant's motion, Plaintiff has not attempted to demonstrate that the

documents he seeks from the Department of Energy may be relevant to his Fair Labor Standards

Act claim.    He argues only that the requested documents are in the public domain and that

Defendant has not asserted a privilege with respect to the documents.    Neither of those

arguments overcomes the Court's conclusion that good cause supports a motion for protective

order when the requested documents appear to be irrelevant.    Accordingly, the Court hereby

**GRANTS** Defendant's motion for protective order (ECF. No. 40) as follows: Plaintiff may not

request, and the Department of Energy may not produce, documents relating in any fashion to

contracts between the Department of Energy and Defendant pursuant to which Defendant

provided security assessments to the Department.    The subpoena *duces tecum* issued by

Plaintiff's counsel on October 13 is hereby **QUASHED**.    The Department of Energy's

Objection (ECF No. 43) is **SUSTAINED**.    Plaintiff may seek reconsideration of this Order;

however, the Court will not alter the protective order absent a showing, with specificity, that the

requested documents are relevant to Plaintiff's claim.

      **IT IS SO ORDERED**.


       /s/ *Chelsey M. Vascura*

      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE