UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**STEPHEN R. ROSHON, JR.,**

    **Plaintiff,**

                                                       **Civil Action 2:16-cv-968**
                                                     **Chief Judge Edmund A. Sargus, Jr.**
    **v.**                                                **Magistrate Judge Chelsey M. Vascura**


**EAGLE RESEARCH GROUP, INC.,**

    **Defendant.**


## ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Under Seal. (ECF No. 46.) Plaintiff requests leave to file under seal his Motion for Reconsideration of the October 30, 2017 Court Order. (ECF No. 44.) Plaintiff represents that the motion should be filed under seal because it "relies heavily and discussed in detail" materials that are subject to the agreed-upon Protective Order. (Pl.'s Mot. for Leave, ECF No. 46, at p. 1.) Specifically, Plaintiff maintains that the Motion will contain confidential information pertaining to nuclear energy sites that should remain under seal. (*Id.* at 2.) Based upon Plaintiff's representations, the Court concludes that the Motion at issue contains legitimate national security information that should be shielded from the public. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–80 (6th Cir. 1983) (records concerning national security are "a recognized exception to the right of public access to judicial records"). Plaintiff's Motion (ECF No. 46) is therefore **GRANTED**. The Clerk is **DIRECTED** to allow Plaintiff access to file under seal.

The sealing of documents, however, must be no broader than necessary. *See Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("'The public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions'" (quoting *Brown*, 710 F.2d at 1181)). Thus, Plaintiff is **DIRECTED** to contemporaneously file a public version of all documents with any confidential, sensitive information redacted. Should an entire exhibit contain confidential, trade secret information, Plaintiff may omit filing that exhibit from the public version. The parties are cautioned that if, upon review of the documents filed under seal, the Court determines that the documents do not contain legitimate trade secret information, it will lift or modify the seal accordingly.

      **IT IS SO ORDERED**.

      /s/ *Chelsey M. Vascura*
      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE